# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>MICHAEL RIVERA-SEPULVEDA,<br><br>**Defendant** | CRIMINAL NO. 19-695 (RAM) |

## OPINION AND ORDER

### I. BACKGROUND

This matter is before the Court upon the Government's *Emergency Motion Requesting a Stay of Magistrate Judge's Release Order and Order of Detention Pending Trial Following De Novo Bail Hearing* ("Motion for Detention") (Docket No. 11).

Defendant Michael Rivera-Sepulveda is charged with a violation of 18 U.S.C 922(g)(1) (Felon in Possession of a Firearm). (Docket No. 3). According to the indictment, on or about September 19, 2019, the defendant knowingly possessed a firearm and ammunition despite knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Id. at 3.

On December 26, 2019, a U.S. Magistrate Judge ordered the defendant's release upon conditions which include: (a) a curfew from 7:00 p.m. to 6:00 a.m.;(b) electronic location monitoring; and (c) an unsecured bond. (Docket No. 13 at 2). The Government

filed its *Motion for Detention* in response. The *de novo* hearing was originally scheduled for January 8, 2020. It was postponed upon motion by Defendant. (Docket Nos. 17, 18, 20).

A *de novo* hearing on detention or release was held on January 13, 2019. (Docket No. 24). At the hearing, the parties proceeded by proffer. In addition to the arguments proffered in the *Motion for Detention* with regards to Mr. Rivera-Sepulveda's dangerousness, the Government presented documentary evidence consisting of text messages from 2018 between Defendant and a third party tending to show that Defendant explored the possibility of purchasing semi-automatic pistols, machine gun conversion devices and high capacity magazines. The Government proffered that Defendant admitted the authenticity of these communications to ATF agents. (Docket No. 21). There is no evidence or proffer of evidence that such purchases were consummated, except for the purchase of Glock ammunition magazines. In compliance with a Court Order intended to complete the record, the Government submitted certified English translations of these texts on January 28, 2020. (Docket No. 28). The *Motion for Detention* did not contend that Defendant Rivera-Sepulveda posed a risk of flight and no developed argument to that effect was made at the *de novo* hearing.

For the reasons set forth below, the Court finds that the Government did not show by clear and convincing evidence that "no condition or combination of conditions will reasonably assure […]

the safety of any other person and the community." Moreover, the Government failed to develop any arguments that Defendant is a risk of flight. Therefore, the Court **DENIES** the Government's *Motion for Detention*. Defendant Michael Rivera-Sepulveda shall remain subject to the conditions of release in the Order entered by the Magistrate Judge at Docket No. 13.

## I. LEGAL STANDARD

**A. Standard of review for a detention or release order:**

A district court reviews a Magistrate Judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." U.S. v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014) (citations omitted). A district court may also "take additional evidence or conduct a new evidentiary hearing when the defendant has placed relevant facts at issue." Id.

**B. The Bail Reform Act:**

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released. *See* 18 U.S.C. § 3141(a). Section 3142(e) of the Act provides that ultimately, if after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

the community, he shall order the detention of the person prior to trial." 18 U.S.C. § 3142(e).

Section 3142(f) of the Act establishes the instances in which an accused individual is eligible for detention and therefore, a detention hearing is proper. *See* 18 U.S.C. § 3142(f). Specifically, Section 3142(f)(1) of the Act requires that the judicial officer shall hold a detention hearing upon motion of the attorney for the Government in cases which involve "a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed" and other prescribed offenses including any felony that involves the possession or use of a firearm or destructive device." 18 U.S.C. § 3142(f)(1)(A)-(E). Likewise, Section 3142(f)(2) authorizes the court to hold a detention hearing upon government motion or *sua sponte* in cases that involve "a serious risk that such person will flee" **or** "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2).

The standard of proof for detention due to dangerousness is clear and convincing evidence. Id. In turn, the standard of proof for detention due to risk of flight is preponderance of the evidence. See U.S. v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

When determining whether there are conditions of release to assure the defendant's appearance and the safety of the community during a detention hearing, judicial officers must take into consideration the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). The Court may consider uncharged conduct in assessing the degree of danger posed by the defendant's release. *See* U.S. v. Rodriguez, 950 F.2d 85, 88-89 (2d Cir.1991).

Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable. *See* 18 U.S.C. § 3142(i). Although not required by the Act, the First Circuit has indicated that "a similar statement of reasons should ordinarily accompany release orders in contested cases." U.S. v. Tortora, 922 F.2d 880, 883 (1st Cir. 1990).

## II. DISCUSSION

**A. The nature and circumstances of the offense charged:**

Mr. Rivera-Sepulveda is charged with a violation of 18 U.S.C. § 922(g). According to the evidence proffered by the Government,

Mr. Rivera-Sepulveda volunteered to Federal Agents that he possessed an unlicensed firearm and ammunition.

The Government did not contend that a violation of 922(g) is a "crime of violence."[1] Nevertheless, violations of 922(g) qualify for detention under the Bail Reform Act. *See* 18 U.S.C. 3142(f)(1)(E)(authorizing detention hearing in cases involving "any felony that is not otherwise a crime of violence […] that involves the possession or use of a firearm or destructive device").

**B. The weight of the evidence against the Defendant:**

The weight of the evidence against Mr. Rivera-Sepulveda is strong. He is a convicted felon who possessed a firearm for which he has no license. The Court is not concerned with defendant's guilt or innocence at this stage. *See* 18 U.S.C. 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence"). Instead, the Court must assess whether there is a set of conditions that would "reasonably assure […] the safety of any other person and the community". 18 U.S.C. 3142(c).

**c. The History and Characteristics of the Defendant:**

Mr. Rivera-Sepulveda is forty-eight (48) years old and holds and electrician's assistant certificate. He has been married for

---

[1] The First Circuit has found that the offense of felon in possession is not a crime of violence for purposes of the sentencing guidelines. *See* United States v. Bell, 966 F.2d 703 (1st Cir. 1992); United States v. Soto-Rivera, 811 F.3d 53, 61 (1st Cir. 2016).

twenty-seven (27) years and has three (3) adult children, two (2) of whom reside with him and his wife. He has resided in Mayaguez, Puerto Rico from infancy. For the past thirty (30) years he has resided in the same address at Limón Ward in Mayaguez, where his parents and his eldest child, who lives independently, also reside.

In the past, Mr. Rivera-Sepulveda worked as an electrician's assistant for ready-mix concrete producers in Mayaguez. He is reportedly self-employed now and continues to provide electrician's assistant services. While he reported occasional use of cannabinoids, testing of a sample provided on December 18, 2019 yielded negative results for all drugs tested.

Mr. Rivera-Sepulveda's criminal history includes November 2, 2002 convictions for the following charges: receipt and transport of stolen goods, violation of Puerto Rico's Controlled Substances Law, and violation Puerto Rico's Weapons Law. He was sentenced to probation which was revoked on October 11, 2007. Upon revocation, he was sentenced to a total of five (5) years of incarceration. He qualified for good conduct credit but it is unclear whether he was released prior to 2012. In 2006, while on probation, he pled guilty to four (4) charges in violation of Puerto Rico's Controlled Substances Law and was sentenced to two (2) years of imprisonment per charge to be served concurrently. All of Mr. Rivera-Sepulveda's past cases ended with his acceptance of responsibility through guilty pleas.

At the *de novo* hearing, defense counsel argued that the past convictions and probation violation were "stale". The Court disagrees. The text of the Bail Reform Act does not place a time limit on criminal history to be considered by the Court. *See* 18 U.S.C. 3142(g)(3)(A); <u>United States v. Oliveira</u>, 238 F. Supp. 3d 165, 168 (D. Mass. 2017) ("The Bail Reform Act, however, authorizes the Court to consider defendant's "criminal history" without time restrictions.").

    **d. The nature and seriousness of the danger to any person or the community that would be posed by the person' release:**

As noted earlier, the Government has not contended that Defendant is charged with a crime of violence. There is no evidence that Defendant poses a threat to a witness or any other person.

This leaves us with the nature and seriousness of the danger to the community that would be posed by Mr. Rivera-Sepulveda's release. While Mr. Rivera-Sepulveda's criminal history is not to be taken lightly, there is no evidence he has committed violent crimes in the past. Moreover, Mr. Rivera-Sepulveda's criminal history pales in comparison to that of other defendants accused of being felons in possession who have been detained before trial. *See e.g.* <u>United States v. Oliveira</u>, 238 F. Supp.3d 165 (D. Mass. 2017)(ordering pretrial detention for defendant indicted under 18 U.S.C. 922(g)(1) whose history included assault with intent to murder and ongoing gang affiliation); <u>U.S. v. Valentin Cintron</u>,

656 F.Supp. 2d 292 (D.P.R. 2009)(ordering pretrial detention for defendant indicted under 18 U.S.C. 922(g)(1) whose history included multiple drug convictions and a domestic violence conviction).

Likewise, the Court does not minimize the seriousness of the uncharged conduct which the government proffers occurred in 2018: an <u>attempt</u> to purchase firearms and machine gun conversion devices and a purchase of ammunition magazines which the defendant purportedly admitted according to the Government. However, there is no evidence that Mr. Rivera-Sepulveda has attempted or consummated subsequent purchases of firearms, ammunition, magazines or machine gun conversion devices since then.

Ultimately, the Government had the evidentiary burden of proving that "no condition or combination of conditions will reasonably assure […] the safety of any other person and the community" under the clear and convincing evidence standard. 18 U.S.C. § 3142(e). "Undoubtedly, the **safety of the community can be reasonably assured without being absolutely guaranteed**." <u>United States v. Tortora</u>, 922 F.2d 880, 884 (1st Cir. 1990) (emphasis added). Thus, the Government needed to present "'clear and convincing' evidence of defendant's dangerousness" to justify his detention without bail. <u>United States v. Goveo-Santiago</u>, 901 F. Supp. 56, 58 (D.P.R. 1995). Clear and convincing evidence is "more than preponderance of the evidence and less than beyond reasonable

doubt." U.S. v. Acevedo Ramos, 600 F.Supp. 501, 509 (D.P.R. 1984). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. The required degree of certainty as to Mr. Rivera-Sepulveda's dangerousness is not present.

## VI. CONCLUSION

The Court finds that the Government did not show by clear and convincing evidence that "no condition or combination of conditions will reasonably assure […] the safety of any other person and the community" and therefore **DENIES** the *Motion for Detention* at Docket No. 11.

Defendant Michael Rivera-Sepulveda shall remain subject to the conditions of release in the Order entered by the Magistrate Judge at Docket No. 13.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 24th day of January 2020.

S/ RAÚL M. ARIAS-MARXUACH
Government District Judge